# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAVIER ESCORCIA-ALVARADO,

        Petitioner,

v.

SAMUEL OLSON, MARKWAYNE
MULLIN, TODD BLANCHE, DAVID
VENTURELLA, and DALE J.
SCHMIDT,

        Respondents.

Case No. 26-CV-1302-JPS

**ORDER**

## 1.    INTRODUCTION[1]

Petitioner Javier Escorcia-Alvarado ("Petitioner") is in the legal custody of Immigration and Customs Enforcement ("ICE") at the Dodge County Jail in Juneau, Wisconsin, where Respondent Dale Schmidt ("Schmidt") is his physical custodian. *See supra* note 1; ECF No. 1 at 2.

---

[1]Petitioner names as a Respondent Samuel Olson as the Acting Field Office Director of the Chicago Field Office for Immigration and Customs Enforcement ("ICE"). ECF No. 1 at 1. However, this information is no longer correct. *See* Press Release, U.S. Atty's Off., N. Dist. of Ill., Illegal Alien Sentenced to a Year in Prison for Feloniously Assaulting Law Enforcement Officers During Arrest Sentenced to a Year in Prison for Feloniously Assaulting Law Enforcement Officers During Arrest (May 13, 2026), https://www.justice.gov/usao-ndil/pr/illegal-alien-sentenced-year-prison-feloniously-assaulting-law-enforcement-officers ("The sentence was announced by . . . Raymond Hernandez, Acting Field Director for ICE-ERO in Chicago"). The Court will direct the Clerk of Court to substitute Field Office Director of the Chicago Field Office for ICE, Raymond Hernandez, for Samuel Olson. FED. R. CIV. P. 25(d).

The Court is skeptical that any of the Respondents—apart from Schmidt—are properly sued in this case. *See* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *Kholyavskiy v. Achim*, 443 F.3d 946, 949–53 (7th Cir. 2006) (discussing the proper Respondent to name in the context of immigration-related habeas petitions). To the extent Respondents, other than Schmidt, believe that they are improperly named, they should move for appropriate relief.

Petitioner argues that his continued detention violates the Immigration and Nationality Act ("INA") and due process. ECF No. 1 at 21–22. He petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *Id*. at 3. Petitioner seeks a writ of habeas corpus requiring "Respondents immediately release Petitioner, or in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within 14 days." *Id*. at 22. He also seeks an order "enjoin[ing] Respondents from moving Petitioner outside this jurisdiction of this Court pending adjudication of this petition" and, if the petition is granted, requiring Respondents "to inform Petitioner's counsel as to the expected time and place of Petitioner's release." *Id*. at 23. Finally, he seeks an order, if the petition is granted, requiring Respondents to return Petitioner's personal property, including personal identification documents and employment authorization documents. *Id*. This Order screens the petition.

## 2.      SCREENING STANDARD

The Rules Governing Section 2254 Cases apply to Petitioner. *See* Rule 1(b), Rules Governing Section 2254 Proceedings ("The district court may apply any or all of these rules to a habeas corpus petition" brought under § 2241); CIV. L.R. 9(a)(2). Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a screening or "preliminary review" of the habeas petition. At the screening stage, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Rule 4, Rules Governing Section 2254 Proceedings. The Court accepts as true the petitioner's well-pleaded factual allegations, *Vermillion v. Levenhagen*, 519 F. App'x 944, 945 (7th Cir. 2013) (citing *Phillips v. Brennan*, 912 F.2d 189, 191 (7th Cir. 1990)), but not his legal conclusions.

Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with any applicable statute of limitations, exhausted available administrative remedies and avoided procedural default if applicable, and set forth non-frivolous claims that are cognizable in a habeas petition. If those issues do not preclude a merits review of the claims, the Court directs the respondent—the individual in charge of the institution where the petitioner is currently held, *see* Rule 2(a), Rules Governing Section 2254 Proceedings—to respond to the petition. If any of those issues do preclude a merits review, however, the Court will dismiss the petition.

3. **FACTS**

The following relevant facts are drawn from the petition, ECF No. 1, and accepted as true for the purposes of screening.

Petitioner is a 64-year-old Mexican national who has resided in Milwaukee, Wisconsin since approximately 1998. *Id*. at 4, 5. Petitioner serves as a volunteer with a local immigration rights group, Voce de la Frontera. *Id*. at 6. On June 28, 2026, Petitioner was confronted by ICE officers while he was sitting on a park bench in Milwaukee, Wisconsin. *Id*. The ICE officers interrogated him regarding his immigration status and subsequently arrested him. *Id*. As noted, Petitioner was placed in the custody of the Dodge County Detention Facility in Juneau, Wisconsin. *Id*.

The arrest warrant issued by the Department of Homeland Security ("DHS") stated that Petitioner was detained pursuant to 8 U.S.C. § 1226(a). *Id*. (citing ECF No. 1-1). Petitioner was also issued a Notice of Custody Determination, which further indicated he was detained pursuant to Section 1226(a). *Id*. (citing ECF No. 1-2). After arresting him, DHS placed Petitioner in removal proceedings before the Chicago Immigration Court

pursuant to 8 U.S.C. § 1229a by filing a Notice to Appear. *Id*. (citing ECF No. 1-3). ICE charged Petitioner with, inter alia, being inadmissible under U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. *Id*. (citing same). Petitioner is represented by counsel in his removal proceedings. *Id.* He is eligible and will be applying for adjudication of his an I-192 inadmissibility waiver. *Id*. Petitioner also has a pending U-visa application with U.S. Citizenship and Immigration Services based on an incident in which he was the victim of a violent armed robbery. *Id*. (citing ECF No. 1-4). He has attended all his immigration court hearings. *Id*.

**4.      LAW & ANALYSIS**

Petitioner asserts that, while the INA provides for mandatory detention of noncitizens in removal proceedings in certain circumstances, those in Petitioner's situation—people who are applicants for admission but encountered in the interior of the United States—are to be afforded a bond hearing under Section 1226(a). *Id.* at 9–10.  Despite this, Petitioner contends, Respondents have adopted a "new policy" as to the INA that "seek[s] to expand their use of mandatory detention under Section 1225(b)(2)(A) beyond its plain language." *Id*. at 10. According to Petitioner, Respondents' new view is "incorrect," and results in due process violations and violations of the INA. *Id.* at 11–21.

An alien detainee may seek relief under 28 U.S.C. § 2241 if he believes that his custody is "in violation of the Constitution or laws . . . of the United States." Petitioner has raised a constitutional challenge to his ICE detention and a challenge to the INA, a federal law. At this stage, the Court cannot say that his challenges appear frivolous or non-cognizable in habeas corpus proceedings. The Court also cannot conclude at this stage that the petition is untimely.

Petitioner indicates that, by law, he need not exhaust his administrative remedies. ECF No. 1 at 7, 8. The Court declines to rule on this issue at this juncture. *See Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (noting that exhaustion generally is not statutorily required for § 2241 petitions, but may be required at the district court's discretion, and that exhaustion may be required for certain immigration-related claims (citing *McCarthy v. Madigan*, 503 U.S. 140, 140 (1992), *superseded on other grounds by statute*)).

Because Petitioner's claims survive screening, the Court will order Schmidt to respond to the petition.[2] 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted."). Due to the large number of habeas petitions that have been filed in this District, the Court finds good cause to extend Schmidt's time to respond. *See id.* (requiring response within "three days unless for good cause additional time, not exceeding twenty days, is allowed"). Schmidt shall respond to the petition within **ten (10) days** of this

---

[2]The Court recognizes that the United States District Court for the Eastern District of Wisconsin has a Memorandum of Understanding with the United States Attorney's Office for the Eastern District of Wisconsin ("USAO") which states that "[t]he USAO agrees to respond to the substance of [§ 2241] petition[s] on behalf of the federal detainee's custodian and any federal respondents named in the petition. Memorandum of Understanding Regarding Habeas Corpus Petitions filed under 28 U.S.C. § 2241 – Federal Detainees, U.S. Dist. Ct. E. Dist. of Wis., 1 (Dec. 10, 2025), https://www.wied.uscourts.gov/sites/wied/files/general-ordes/12.10.25%20MOU%20between%20USDC%20and%20USAO%20re%2028%20USC%202241%20Petitions%20-%20Updated%20Ex%20A.pdf [https://perma.cc/AJ6U-XNA6] (last visited July 15, 2026). Accordingly, the Court will expect that Schmidt's response be filed by the USAO rather than Schmidt's counsel.

Order. Once Schmidt has filed his response, Petitioner will have **five (5) days** within which to reply.

Finally, the Court addresses some of Petitioner's requested relief. He requests that the Court order Respondents not to transfer him out of the Eastern District of Wisconsin, ECF No. 1 at 23, presumably aimed at ensuring that the Court does not lose jurisdiction over his petition. *See* 28 U.S.C. § 2241(d) ("[T]he [petition] may be filed in the district court for the district wherein such person is held in custody . . . ."). Although Petitioner has failed to move for emergency relief on this basis, the Court has noted his request and will direct Schmidt to confer with DHS and determine whether it will agree not to remove Petitioner from the Eastern District of Wisconsin while the petition remains pending. Within **five (5) days** of this Order, Schmidt shall file a status report on the docket noting DHS's response to the above inquiry.

**5.     CONCLUSION**

The Court will permit Petitioner to proceed on his asserted claims for relief and will order this matter to proceed as specified below.

Accordingly,

**IT IS ORDERED** that the Clerk of the Court shall effect service of the petition, ECF No. 1, and this Order upon Respondents pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

**IT IS FURTHER ORDERED** that Respondent Dale J. Schmidt shall confer with the Department of Homeland Security as stated herein and, within **five (5) days** of this Order, file a status report on the docket noting DHS's response; and

**IT IS FURTHER ORDERED** that within **ten (10) days** of receipt of service of the petition, Respondent Dale J. Schmidt shall file a response to

the petition, including reasons why the writ of habeas corpus should not be issued; Petitioner may reply within **five (5) days** from the date Respondent files his response; Pursuant to Civil Local Rule 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

Dated at Milwaukee, Wisconsin, this 3rd day of August, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge